**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHERI SWANN, | ) | |
| | ) | |
| Plaintiff, | ) | 05 C 5919 |
| | ) | |
| v. | ) | |
| | ) | Hon. Charles R. Norgle |
| WILLIAM RAINEY HARPER COLLEGE, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

CHARLES R. NORGLE. District Judge

Before the court is Defendant's Motion for Summary Judgment on Counts V and VI. For the following reasons, the court *sua sponte* converts this Motion for Summary Judgment into a Motion to Dismiss, and grants the Motion to Dismiss.

## I. BACKGROUND

### A. Facts

Plaintiff Cheri Swann ("Swann") is an African-American female employed by Defendant William Rainey Harper College (the "College"). The College employed Swann as a security guard from November 27, 2000 until 2003. At some point in 2003, the College promoted Swann to the position of Community Services Officer, Patrol. Swann worked at the College as a Community Services Officer until March 22, 2005, when the College terminated Swann's employment. The College asserts that it fired Swann because of job performance issues. Swann asserts that she was subject to racial and sexual harassment during her tenure at the College, and that her termination was based on discriminatory and retaliatory motives.[1]

---

[1] A fuller recitation of the factual background to this case can be found at <u>Swann v. William Rainey Harper College</u>, No. 05 C 5919, 2008 U.S. Dist. LEXIS 42432 (N.D. Ill. May 20, 2008).

## B. Procedural History

Swann's First Amended Complaint contains the following claims for relief: Counts I and II allege race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); Count III alleges a hostile work environment based on race and sex in violation of Title VII; Count IV alleges retaliation in violation of Title VII; Count V alleges a state law claim of intentional infliction of emotional distress ("IIED"); Count VI alleges a state law claim of negligent training and supervision ("NTS"); Count VII alleges race discrimination in violation of 42 U.S.C. § 1981; Count VIII alleges race and gender discrimination in violation of 42 U.S.C. § 1983; and Count IX alleges a violation of the Employee Polygraph Protection Act ("EPPA"), 29 U.S.C. § 2001 et seq.

On November 7, 2007 the court ordered the College to refile its Motion for Summary Judgment without reference to Swann's state law claims. The court reinforced this Order in a November 19, 2007 Minute Order. The College filed its Motion for Summary Judgment, addressing only Swann's federal claims, on November 19, 2007. The court granted the College's Motion in its entirety in an Opinion and Order dated May 20, 2008. Swann v. William Rainey Harper College, No. 05 C 5919, 2008 U.S. Dist. LEXIS 42432 (N.D. Ill. May 20, 2008).

The College filed its Motion for Summary Judgment as to Swann's state law claims on June 10, 2008. The Motion is fully briefed and before the court.

## II. DISCUSSION

## A. The Court's Decision to Convert Defendant's Motion for Summary Judgment into a Motion to Dismiss

Although Defendant accepted the court's invitation to proceed by way of summary judgment on Plaintiff's state law tort claims, in light of the issues presented by Defendant, it has

2

become clear that the court has no jurisdiction to adjudicate Plaintiff's state law claims. The court therefore cannot address Defendant's Motion for Summary Judgment on its merits. See In re: African-American Slave Descendants Litigation, 471 F.3d 754, 758 (7th Cir. 2006) ("if the judge was correct that there is no jurisdiction, he should have dismissed the suits without prejudice and thus not decided the merits."). The court will therefore treat Defendant's Motion for Summary Judgment as a Motion to Dismiss based on preemption and lack of subject-matter jurisdiction. See In re: Ocwen Loan Servicing, 491 F.3d 638 (7th Cir. 2007) (affirming the district court's denial of defendants' motion to dismiss based on preemption grounds). The court declines to use its discretion to relinquish jurisdiction over the state law claims, as it is "clearly apparent how the state claims are to be decided." Dargis v. Sheahan, 526 F.3d 981, 990 (7th Cir. 2008).

## B. Standard of Decision

Federal courts are "always obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." Tylka v. Gerber Prods. Co., 211 F.3d 445, 447-48 (7th Cir. 2000) (quotation and internal marks omitted). "The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986). In Market Street Assocs. Ltd. Partnership v. Frey, the Seventh Circuit stated: "We remind the bench and bar of this circuit that it is their nondelegable duty to police the limits of federal jurisdiction with meticulous care . . . ." Market Street Assocs. Ltd Partnership, 941 F.2d 588, 590 (7th Cir. 1991). The district court must therefore jealously guard its limited jurisdiction. See In re Shell Oil Co., 966 F.2d 1130, 1133 (7th Cir. 1992); see also Douglas v. E.G. Baldwin & Associates, Inc., 150 F.3d 604, 606 (6th Cir. 1998).

3

Chapter 775, Article 8 of the Illinois Human Rights Act ("IHRA") provides, *inter alia*, that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILL. COMP. STAT. 5/8-111(D). It is well-established that this provision of the IHRA "gives the Illinois Human Rights Commission exclusive jurisdiction over civil rights violations." Naeem v. McKesson Drug Co., 444 F.3d 593, 602 (7th Cir. 2006). The IHRA therefore preempts state common law tort claims where those claims are "inextricably linked" to claims of discrimination. Id.; see also Thomas v. Habitat Co., 213 F. Supp. 2d 887, 898 (N.D. Ill. 2002). In other words, when a state common law tort claim "is in essence one that seeks redress for a 'civil rights violation' as defined by [IHRA], [courts] lack[] jurisdiction to adjudicate the claim." Haswell v. Marshall Field & Co., 16 F. Supp. 2d 952, 964 (N.D. Ill. 1998) (citing Geise v. Phoenix Co. of Chi., 639 N.E.2d 1273, 1276 (Ill. 1994)); see also Maksimovic v. Tsogalis, 687 N.E.2d 21, 23 (Ill. 1997). IHRA preemption of state law tort claims extends to both state and federal courts. Haswell, 16 F. Supp. 2d at 964.

In determining whether state law tort claims are preempted by the IHRA, courts are instructed to inquire into whether the conduct alleged "would be actionable even aside from its character as a civil rights violation because the IHRA did not 'furnish[] the legal duty the defendant was alleged to have breached' . . . ." Krocka v. City of Chicago, 203 F.3d 507, 516-17 (7th Cir. 2000) (quoting Maksimovic, 687 N.E.2d at 23). If a plaintiff cannot establish the elements of a state law tort "independent of legal duties furnished by the IHRA," that tort claim is preempted. Naeem, 444 F.3d at 604.

## C. The College's Motion to Dismiss Based on Lack of Subject-Matter Jurisdiction

The court finds that Swann's state law tort claims of IIED and NTS are "inextricably linked" to her discrimination claims, and are therefore preempted by the IHRA. Swann's IIED

4

claim rests on the same set of operative facts as those on which she based her discrimination, harassment, and retaliation claims: "[b]y committing various acts against Plaintiff, including but not limited to her termination, denial of equal treatment, coercion in investigating allegations of theft, and other outrageous acts, Defendant caused SWANN severe emotional distress . . . ." First Am. Compl., ¶ 50. Swann's NTS claim also rests on the same set of operative facts as her discrimination claims: "[d]efendant HARPER COLLEGE had a duty to supervise the activities and dealings of its supervisors, managers, employees and agents in order to ensure their compliance with company policies and procedures and federal and state law." Id. at ¶ 55. Swann has presented the court with no facts that establish a state law claim for either IIED or NTS "independent of legal duties furnished by the IHRA." See Naeem, 444 F.3d at 604. Put another way, "the core of [Swann's] theory" in this case is that she was a victim of racial and sexual discrimination. See id. (citing Smith v. Chi. Sch. Reform Bd., 165 F.3d 1142, 1151 (7th Cir. 1999)). Swann's state law counts are thus "in essence [claims] that seek[] redress for a 'civil rights violation as defined by [IHRA] . . . ." See Haswell, 16 F. Supp. 2d at 964. The court therefore lacks jurisdiction to adjudicate these claims. See id.

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss based on preemption and lack of subject-matter jurisdiction is granted. The court dismisses Counts V and VI of Plaintiff's First Amended Complaint without prejudice.

IT IS SO ORDERED.

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATED: July 22, 2008

5